P. H. KAHAU and KAPELA KAHAU, his wife, *v.* C. W. BOOTH, Trustee for ELIZABETH K. BOOTH (nee Baker), legatee and devisee under the will of MALIE KAHAI.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 15, 1896.                    DECIDED JULY 9, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A conveyance of land, absolute on its face, a defeasance in writing having been given at the same time by the grantee to the grantors, constitutes a mortgage.

The defeasance which is essential to convert an absolute deed into a mortgage may be made by a separate instrument. This method is looked upon with disfavor by courts. In this case the parol evidence alone was sufficient to sustain the bill to redeem.

OPINION OF THE COURT BY JUDD, C.J.

This is a clear case. In September, 1893, the complainant, P. H. Kahau, wishing to borrow some money, applied to an attorney, J. K. Kaulia, and offered to give a mortgage on his wife's premises on Queen Street, Honolulu, worth from $800 to $1000, to secure a loan of one hundred dollars. The attorney agreed to lend the money of his client Malie Kahai, now deceased, whose devisee and legatee the defendant Mrs. Booth now is. The attorney advised complainant to give his client an absolute deed for the premises as being less expensive than a mortgage and promised that his client would give him a paper back stating that if the complainants paid the money back in one year, she would convey the land to them. After

considerable demurring on the part of both Kahau and his wife and, on being assured by the attorney, Malie Kahai being present and agreeing thereto, that the two papers would be in fact a mortgage, an absolute deed was made by the complainants to Malie Kahai on the 20th September, 1893. The consideration expressed was $125, the $25, being interest on $100 for one year at the rate of $2\frac{1}{2}$ per cent. per month, being retained in advance and made a part of the consideration. At the same time Malie Kahai executed and delivered to complainants a paper translated as follows:

To Kahau and Kapela Kahau,

Aloha to you two.

I hereby declare to you two, in accordance with your request to me that if you two shall repay to me one hundred and twenty-five dollars on the 20th September, A. D. 1894, or before such date, I agree to resell my land situated on Queen Street, Honolulu, Oahu, whose size is 47-7x48-3 feet, which you sold to me by the deed made on this 20th September, 1893. And the expenses of such sale shall be borne by you.

Respectfully,

In presence of                    (Sig.)      Malie Kahai.

(Sig.)      J. K. Kaulia.

Honolulu, Sept. 20, 1893.

None of these facts are questioned. The defendant Booth, trustee, after the death of Malie Kahai (his wife succeeding to her interest) took the ground that an absolute title had passed and brought proceedings in ejectment against complainants, whereupon a bill was filed to declare the deed a mortgage and to redeem the same. The Circuit Judge after hearing decreed that the transaction was a mortgage and that complainants were entitled to redeem.

We hold that the instrument made by Malie Kahai was a defeasance.

By all the authorities a defeasance is an essential requisite of a mortgage, and it may be (1) in the conveyance itself, or

(2) in a separate writing, or (3) it may exist in parole merely. The second method was adopted by the parties and the transaction was fully understood and accepted by the complainants, the mortgagee Malie Kahai and her attorney.

In law the absolute deed and the separate defeasance or agreement to re-convey executed at the same time amount to a mortgage.

Pennsylvania courts hold that where the "conveyance and the agreement to reconvey on payment of the purchase money are on their face of even date (which is this case) the transaction is necessarily a mortgage and that parole evidence of a different understanding by the parties will not be received to convert it into a conditional sale." *Kerr v. Gilmore*, 6 Watts (Pa.) 405. *Brown v. Nickle*, 6 Pa. St. 890. But while it is not necessary in this case to go as far as this, it seems to us that it was *prima facie* a mortgage and it was hardly necessary for the complainants to show by parole that they were persuaded by the mortgage to take the defeasance by a separate instrument on her assurance that she considered it a mortgage. But proofs were adduced before the Circuit Judge and they showed that the grantors continued in possession, that the consideration was inadequate, the land being worth many times more than the amount of money paid, that interest was charged, and that the full understanding of both parties was that the transaction was intended to be a mortgage and not a conditional sale. These facts would be sufficient to establish a defeasance by parole if the defeasance was not in writing. *Campbell v. Dearborn*, 109 Mass. 130. It made no difference that the time of repayment had been allowed to pass. Once a mortgage always a mortgage, and the mortgagor is allowed to redeem. *Bayley v. Bayley*, Admr., 5 Gray 512. We remark that courts look with disfavor upon the method of making the defeasance by a separate instrument. It is liable to be used to the prejudice of the mortgagor (as in this case). Lord Chancellor Talbot said "they always appear with a face of fraud." *Cotterell v. Purchase Cus. Temp. Talbot*, 61, cited

in 1 Jones, Mortgages, Sec. 243, and also *Baker v. Wind*, 1 Ves. Sr. 160. We should discourage the practice.

Cases on this subject may be found cited in Jones, Mortgages, Secs. 241 to 255.

The decree appealed from is affirmed with costs.

*J. M. Monsarrat*, for complainant.

*Magoon & Edings*, for respondent.